Liles v. HHS                              CV-93-195-SD  06/19/95

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Andrew Liles

    v.                                         Civil No 93-195-SD

Shirley S. Chater, Commissioner of
 Social Security Administration


                            O R D E R


    Andrew Liles, eventually successful in his claim for social
security disability benefits, has moved for an award of fees
pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §
2412(d).  Document 20.  The defendant objects.  Document 22.


1.  Background

    Complaining of disability arising from his atherosclerosis,
plaintiff sought benefits, but his disability claims were denied
by an Administrative Law Judge (ALJ) on October 23, 1992.
Subsequent to this decision, in January 1993 plaintiff underwent
cardiac catheterization, which was followed in turn by a two-
vessel coronary artery bypass in February 1993.

    Plaintiff submitted this new medical information to the
Appeals Council, which, on consideration, found that as it

concerned events subsequent to the decision of the ALJ, it could not be considered on review, but that plaintiff was free to file a new claim if he felt his condition had deteriorated since the decision of the ALJ on October 23, 1992.

On appeal, this court remanded pursuant to sentence six of 42 U.S.C. § 405(g), which permits such remands "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."[1]

On such remand, a further hearing was held before the ALJ, who found Mr. Liles eligible for a closed period of disability benefits for the period between November 1, 1990, through May 17, 1994, but not thereafter. Plaintiff has been paid the sum of $34,268 in retroactive benefits, with the sum of $8,567 withheld as attorney fees pursuant to his retainer agreement. The instant petition seeks EAJA fees totaling $5,876.94.[2]

---

[1]The court found that the evidence of the January-February 1993 treatment of plaintiff was "meaningful" within the definition set forth in Evangelista v. Secretary of Health and Human Services, 826 F.2d 136, 139-40 (1st Cir. 1987).

[2]If EAJA fees are awarded, they will be paid directly to the plaintiff, as his counsel will seek to recover only the fees due him under the retainer agreement.

## 2. Discussion

In relevant part, EAJA provides,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (West Supp. 1992).

To be entitled to an award of fees under EAJA, a litigant must first establish that he is a "prevailing party" as that status is consistently used in other federal fee-shifting statutes. Guglietti v. Secretary of Health and Human Services, 900 F.2d 397, 398 (1st Cir. 1990) (citations omitted). Alternatively, a "prevailing party" may show that he has achieved some of the benefit sought in bringing suit, a road not successfully traveled in a case of a mere remand, id. at 400, or because the lawsuit acts as a "catalyst" in prompting the defendant to take action to meet plaintiff's claims, id. at 401. Viewed through the lens of the latter alternative, the court finds and rules that for purposes of EAJA Mr. Liles is to be considered a "prevailing party".

3

However, the government argues that its position was substantially justified within the meaning of EAJA, and on this issue the government bears the burden of proof by medium of a preponderance of the evidence. United States v. One Parcel of Real Property, 960 F.2d 200, 208 (1st Cir. 1992) (citing McDonald v. Secretary of HHS, 884 F.2d 1468, 1475-76 (1st Cir. 1989)). To satisfy this burden, "'the government must show that it had a reasonable basis for the facts alleged, that it had a reasonable basis in law for the theories it advanced, and that the former supported the latter.'" United States v. One Parcel of Real Property, supra, 960 F.2d at 208 (quoting Sierra Club v. Secretary of the Army, 820 F.2d 513, 517 (1st Cir. 1987)).

It is to be remembered that "being wrong or losing is not the standard. The government's agency and litigation positions, even though incorrect and thus ultimately unsuccessful, can be justified if they had a reasonable basis in law and fact." Morin v. Secretary of Health and Human Services, 835 F. Supp. 1431, 1434 (D.N.H. 1993). The substantial justification requirement of EAJA properly focuses on the governmental misconduct giving rise to the litigation. Id. (internal quotations and citations omitted).

The remand in this case, as above indicated, was pursuant to sentence six of 42 U.S.C. § 405(g). A remand of this type

4

"frequently occurs because the claimant seeks to present new evidence of which neither the Agency nor the claimant was aware at the time the Secretary's benefits determination was made. Thus, in many sentence-six cases, the added expenses incurred by the claimant on remand cannot be attributed to any wrongful or unjustified decisions by the Secretary." Shalala v. Schaefer, ___ U.S. ___, ___, 113 S. Ct. 2625, 2636 (1993) (Stevens, J., concurring) (citing Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)).

The above-quoted language aptly describes the proceedings in this case. Based on the medical assessment of nonexamining consultants and the testimony of a vocational expert, the ALJ originally found that the plaintiff was not under a disability. The Appeals Council denied plaintiff's request for review because the new medical evidence submitted by plaintiff concerned events which took place after the decision of the ALJ. The Appeals Council, however, left open the right of plaintiff to reopen his claim if he felt his condition had deteriorated. The fact that upon the sentence-six remand the ALJ ultimately found disability to exist does not mitigate against the finding here made that, in both its agency and litigating positions, the government had a reasonable basis for the facts it alleged and a reasonable basis in law for the theories it advanced, and that the former

5

supported the latter. <u>United States v. One Parcel of Real Property</u>, <u>supra</u>, 960 F.2d at 208.

In sum, the court finds that the government has here sustained its burden of proving by a preponderance of the evidence that its position was "substantially justified" within the meaning of EAJA.

## 3.  Conclusion

For the reasons hereinabove set forth, the plaintiff's motion for attorney fees pursuant to EAJA must be and it is herewith denied.

SO ORDERED.

Shane Devine, Senior Judge
United States District Court

June 19, 1995

cc:  Raymond J. Kelly, Esq.
     David L. Broderick, Esq.